IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICKI KOCH a/k/a VICKI BUTRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-371-D |
| | ) | |
| CITY OF DEL CITY, a municipal Corporation, and JOHN BEECH, an Individual, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendants' Motion to Disqualify Joyce Good as Counsel for Plaintiff [Doc. No. 64]. Plaintiff, through attorney Joyce Good, has timely opposed the Motion, and the time period for Defendants to file a reply brief has expired. The Motion is thus at issue.

Plaintiff has been represented in this case by two attorneys, Raymond Vincent and Joyce Good. Mr. Vincent commenced the action and prosecuted it on Plaintiff's behalf until all deadlines set by the Scheduling Order had passed. Ms. Good first entered her appearance on February 5, 2008, and promptly issued subpoenas for medical records and records of the Oklahoma County Sheriff's Office, despite the passing of the discovery deadline. Ms. Good has previously been listed as a fact witness by both parties, and affidavits of Ms. Good have been submitted by Plaintiff in opposition to Defendants' motions for summary judgment. In addition, Plaintiff has listed letters, affidavits, and handwritten notes of Ms. Good as trial exhibits, and Defendant has listed some of her letters and one affidavit as exhibits as well.

Defendant moves to disqualify Ms. Good from serving as Plaintiff's attorney based on Rule 3.7 of the Oklahoma Rules of Professional Conduct, which this Court has adopted. *See*

W.D. Okla. R. LCvR83.6(b). According to Rule 3.7: "A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness," except in limited circumstances. Okla. Stat. tit. 5, ch. 1, app. 3-A, R. 3.7(a).

In response to the Motion, Plaintiff states that Ms. Good recently began serving as additional counsel in order to assist with limited aspects of the case, namely, to gather medical records and other evidence deemed necessary by Plaintiff. Plaintiff states that she intends for Mr. Vincent "to handle the advocacy aspect" and "any constitutional aspect of the case" while Ms. Good "would handle any medical aspects of the case." *See* Pl.'s Resp. Def.'s Mot. Disqualify [Doc. No. 76] at 4. After filing this response, however, Plaintiff subsequently terminated Mr. Vincent's representation and discharged him as her attorney. Accordingly, Mr. Vincent moved to withdraw from the case, and his motion has now been granted.

From Plaintiff's initial response to Defendant's motion, and the fact that Ms. Good is not listed in the Final Pretrial Report as an attorney who will appear for Plaintiff at trial, the Court had previously understood that Ms. Good's role in Plaintiff's representation would be limited to certain pretrial issues and Mr. Vincent would serve as trial counsel. In that situation, Rule 3.7 is not implicated; it forbids an attorney from serving a dual role as both a trial advocate and a trial witness in a case. *See Crussel v. Kirk*, 894 P.2d 1116, 1120 (Okla. 1995). An attorney of record in a case who insulates herself from the role of trial advocate may be called as a necessary witness without violating Rule 3.7. *See id.*

Under the current circumstances, Plaintiff's intentions concerning her trial representation are unclear. Because it appears Ms. Good will be a trial witness and thus cannot serve as trial counsel, Plaintiff must retain another attorney to replace Mr. Vincent. If Plaintiff engages substitute counsel, then Ms. Good can continue as co-counsel so long as Ms. Good undertakes

"the prophylactic steps necessary to satisfy the rationale of Rule 3.7." *Id*. at 1121.  Accordingly, the Court will direct Plaintiff to retain an additional attorney, or to otherwise inform the Court of her plans concerning her trial representation in this case, within thirty (30) days of the date hereof.  The Court will deny Defendant's motion at this time, without prejudice to its refiling, pending clarification of Plaintiff's plans regarding her trial representation as set forth herein.

IT IS THEREFORE ORDERED that Defendants' Motion to Disqualify Joyce Good as Counsel for Plaintiff is DENIED, on the condition that Ms. Good will not serve as Plaintiff's trial counsel.  Plaintiff shall clarify her plans regarding trial representation within the time period set forth herein.  If Plaintiff intends to keep Ms. Good as her attorney and retain trial counsel, or if Plaintiff intends to hire new counsel, Plaintiff shall obtain replacement counsel to enter an appearance on her behalf within thirty (30) days.[1]

IT IS SO ORDERED this 11th day of June, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] For reasons stated in prior orders, Plaintiff cannot simultaneously appear pro se and with counsel in this case.  See Order of April 15, 2008 [Doc. No. 73].